RYLWELL, LLC & Pulaski Lands, LLC *v.*
ARKANSAS DEVELOPMENT FINANCE AUTHORITY

07-334                                    262 S.W.3d 617

Supreme Court of Arkansas
Opinion delivered September 20, 2007

PER CURIAM. Appellants Rylwell, LLC, and Pulaski Lands, LLC, appeal the Pulaski County Circuit Court's order granting judgment in favor of Appellee Arkansas Development Finance Authority (ADFA). Because Appellants have submitted a brief without a proper abstract in violation of Ark. Sup. Ct. R. 4-2(a)(5), we order rebriefing.

Rule 4-2(b)(3) explains the procedure to be followed when an appellant has failed to supply this court with a sufficient brief and states:

Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

*Id.* Further, Rule 4-2(a)(5) provides, in pertinent part:

In the abstracting of testimony, the first person (i.e., "I") rather than the third person (i.e., "He, She") shall be used.

*Id.*

■ In the case at bar, a hearing was held on October 26, 2006, in which counsel for both parties discussed with the trial court the possibility of stipulating to the facts. A hearing was held on December 18, 2006, in which counsel for both parties argued the merits of Appellee's complaint and Appellant Rylwell's counterclaim. Instead of abstracting the transcripts of the hearings as required by Rule 4-2(a)(5), Appellants summarized the arguments and requests made to the trial court by both parties. Here, as Appellants have failed to comply with this Rule, we order Appellants to abstract the transcripts of the October 26 and December 18 hearings and to file a substituted brief within fifteen days from the date of entry of this order. According to Rule 4-2(b)(3), if Appellants fail to file a complying brief within the prescribed time, the order appealed from may be affirmed for noncompliance with the Rule.

After service of the substituted brief, ADFA shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the brief that it has previously filed in this appeal.

Rebriefing ordered.