## WILKINS & ASSOCIATES, INC. *v.*
## VIMY RIDGE MUNICIPAL WATER IMPROVEMENT
## DISTRICT No. 139 of Little Rock, Arkansas and
## The Bank of New York Trust Company, N.A.

07-690                                      270 S.W.3d 869

Supreme Court of Arkansas
Opinion delivered January 10, 2008

*Ralph Washington,* for appellant.

*Riable & Crabtree,* by: *Mark Riable,* for appellee Vimy Ridge Municipal Water Improvement District.

*Friday, Eldredge & Clark, LLP,* by: *Larry W. Burks,* for appellee The Bank of New York Company, N.A.

PER CURIAM. This appeal arises from an order of the Pulaski County Circuit Court awarding summary judgment to Appellee Vimy Ridge Municipal Water Improvement District No. 139. Because Appellant Wilkins & Associates, Inc. has submitted a brief without a proper abstract, which is in violation of Ark. Sup. Ct. R. 4-2 (2007), we order rebriefing.

Rule 4-2(b)(3) explains the procedure to be followed when an appellant has failed to supply this court with a sufficient brief and states:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the

case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

*Id.*

Rule 4-2(a)(5) provides, in pertinent part:

In the abstracting of testimony, the first person (*i.e.*, "I") rather than the third person (*i.e.*, "He, She") shall be used.

*Id.*

In the present case, a hearing was held on January 6, 2006, in which counsel for both parties argued the merits of Appellee's motion for summary judgment and Appellee's motion for default judgment. Instead of abstracting the transcript of the hearing as required by Rule 4-2(a)(5), Appellant merely summarizes the arguments made to the trial court by both parties, and the abstract is not in the first person. Here, as Appellant has failed to comply with our rule, we order Appellant to abstract the hearing and to file a substituted brief within fifteen days from the date of entry of this order. *See LandsnPulaski, LLC v. Arkansas Dep't of Correction*, 371 Ark. 18, 262 S.W.3d 603 (2007). According to Rule 4-2(b)(3), if Appellant fails to file a complying brief within the prescribed time, the order from which Appellant appealed may be affirmed for noncompliance with the rule.

Further, Appellant's brief does not comply with Ark. Sup. Ct. R. 4-1 (2007). Under Rule 4-1(a), "[b]riefs shall be double-spaced, except for quoted material, which may be single-spaced and indented." Upon our review of Appellant's brief, the line spacing appears to be between single-spaced and double-spaced. In

Appellant's substituted brief, this problem must be corrected in order to comply with Rule 4-1(a).

After service of the substituted brief, Appellees shall have an opportunity to file a responsive brief in the time prescribed by the Supreme Court Clerk, or to rely on the brief that they previously filed in this appeal.

Rebriefing ordered.